# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRYAN W.,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-16**        (Bd. of Review No. 21-BOR-2493)

**WEST VIRGINIA DEPARTMENT OF**
**HEALTH AND HUMAN RESOURCES,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Bryan W.[1] appeals the December 15, 2022, amended order of the West Virginia Department of Health and Human Resources' Board of Review ("Board of Review"). Respondent West Virginia Department of Health and Human Resources ("Department") filed its response.[2] Bryan W. filed a reply. The issue on appeal is whether the Board of Review erred in upholding the Department's administrative finding of maltreatment against Bryan W., regarding children who were placed in his home by the Department as a kinship/relative placement.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board of Review's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 17, 2020, the Department was assigned a referral to investigate allegations of maltreatment by Bryan W. against his grandchildren, A.W., J.C., and A.C.[3] All three children were in the legal and physical custody of the Department, who had temporarily

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Bryan W. is represented by Sarah L. Petitto-Meyers, Esq., and Ambria M. Britton, Esq. The Department is represented by Chaelyn W. Casteel, Esq.

[3] This same referral also alleged maltreatment by Bryan W.'s wife, Patricia W., which was upheld by the Board of Review. Patricia W. has filed her own appeal, ICA Case No. 23-ICA-15, that this Court will address by separate decision.

1

placed those children in Bryan W.'s home as a kinship/relative placement. As part of the home study approval process, Bryan W. executed several documents, including a document acknowledging that he agreed to adhere to the Department's discipline policy. This acknowledgment stated:

> The kinship/relative provider will comply with the discipline policy. Punishments of a physical nature, including hitting on the body in any manner, or any punishment that subjects a child to verbal abuse, ridicule, or intimidation is strictly prohibited. Children shall be disciplined with kindness and understanding[.] The above issues have been addressed or discussed with the kinship/relative caretaker(s). The caretaker(s) understand that this placement is a temporary placement and that the child/children are in the custody of the DHHR. The caretaker(s) agree to cooperate and comply with the above[-]mentioned issues, which were discussed with them.

On July 17, 2020, two Department workers were accompanied by law enforcement to Bryan W.'s home to remove the children, pending its internal investigation of the certain allegations of maltreatment.[4] As part of the Department's post-removal investigation, Department workers interviewed A.W. and J.C. In these interviews, the children gave detailed disclosures regarding Bryan W.'s use of corporal punishment on them, as well as A.C. It was disclosed that this discipline would occur when the children broke a rule, or when A.C. would have toileting accidents.

According to the Family Functioning Assessment ("FFA") that was completed by the Department to reflect the findings of its investigation, the Department substantiated maltreatment by Bryan W. in the form of physical abuse, based upon his use of corporal punishment on the children. The substantiation precluded Bryan W. from further consideration as a kinship/relative or foster placement.

Bryan W. challenged the Department's findings of maltreatment, and a hearing was held before the Board of Review on March 29, 2022. At the hearing, the Board of Review heard testimony from the investigating Department workers, who recounted the children's disclosure of physical abuse by Bryan W. Bryan W. also testified, disputing the accuracy of the Department workers' testimony, and refuting the allegations made against him.

On April 12, 2022, the Board of Review entered its initial final order, finding that the Department properly substantiated physical maltreatment by Bryan W. based upon the interviews of A.W. and J.C. It found the claims against Bryan W. were supported by the

---

[4] The record does not state what the original allegations were in the referral, and the Department's finding of maltreatment, in addition to the Board of Review's order, rest solely on the post-removal interviews of A.W. and J.C., who disclosed Bryan W.'s use of corporal punishment against them and A.C.

2

weight of the evidence, corroborated by the FFA, and that his conduct violated the Department's discipline policy.[5]

This decision was appealed to circuit court.[6] Before the circuit court, it was argued that newly obtained bodycam footage from the law enforcement officer on scene during the removal, contradicted the testimony of the Department workers and refuted the Board of Review's findings.[7] By order entered on September 23, 2022, the circuit court remanded the matter to the Board of Review with directions to consider the bodycam footage and enter an amended order in the matter.

In accordance with the circuit court's directive on remand, the Board of Review reviewed the bodycam footage, and on December 15, 2022, issued an amended order. In its amended order, the Board of Review found that the bodycam footage was only relevant to the allegations against Bryan W.'s wife and contained no information pertaining to the maltreatment allegations against him. This amended order went on to find that Bryan W.'s testimony that he did not physically abuse the children carried little weight considering the statements of A.W. and J.C., who recounted the physical abuse in convincing detail. This amended order is now on appeal to this Court.

This appeal is governed by the following standard of review:

The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the agency;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;

---

[5] This order addressed the maltreatment allegations against both Bryan W. his wife, Patricia W. *See* n. 3 *supra*.

[6] The circuit court retained jurisdiction over the Board of Review's order because it was entered prior to June 30, 2022. *See* W. Va. Code § 51-11-4(b)(4) (2022) (stating this Court only has jurisdiction over final administrative decisions entered after June 30, 2022).

[7] Before the circuit court, Bryan W. also argued that the Department workers failed to interview him as part of its investigation. On remand, the ALJ found that allegations could be substantiated without interviewing the alleged perpetrator(s) of abuse. Bryan W. does not challenge that finding in this appeal.

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16-1-22a (2023) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board of Review appeals); W. Va. Code § 49-4-601b(b) (2020) (a person has right to appeal Board of Review decision to court designated under West Virginia Code § 29A-5-1 to -5). "The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996); *see also,* Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently).

Further, an appellate court is required to give deference to an administrative decision unless it is clearly wrong. *See* Syl. Pt. 1, in part, *Muscatell v. Cline*, 196 W. Va. 588, 590, 474 S.E.2d 518, 520 (1996) ("findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong."); Syl. Pt. 1, *Francis O. Day Co., Inc. v. Dir. Of Env't Prot.*, 191 W. Va. 134, 135, 443 S.E.2d 602, 603 (1994) ("[e]videntiary findings made at an administrative hearing should not be reversed unless they are clearly wrong."); *In re Queen*, 196 W. Va. at 444, 473 S.E.2d at 485, syl. pt. 1. ("[a]n adjudicative decision of [an administrative agency] should not be overturned by an appellate court unless it was clearly erroneous, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Review under this standard is narrow and the reviewing court looks to the [administrative agency]'s action to determine whether the record reveals that a substantial and rational basis exists for its decision."). With these principles in mind, we now turn to this appeal.

Bryan W.'s only assignment of error raised on appeal is that the bodycam footage refutes the Department's basis for imposing its finding of maltreatment. Notably, his brief makes no argument regarding the physical abuse allegations, but rather, focuses solely on the bodycam footage. It was not until Bryan W. filed his reply that he made any argument directly addressing the allegations against him by arguing, that the Board of Review's interpretation of the evidence was clearly wrong and an abuse of discretion because Bryan W. denied all the allegations against him, the children never testified, and his testimony should be given the most weight.

We find no error in the Board of Review's decision. Bryan W.'s sole assignment of error is limited to the bodycam footage; however, upon this Court's review of the same, we agree with the Board of Review that this footage only pertains to the allegations against Bryan W.'s wife and is irrelevant to the finding of maltreatment made against him. Case in

point, we find that there is no evidence within that bodycam footage related to the children's corporal punishment disclosures. In fact, the record clearly shows that those disclosures were made during the Department's investigation following the children's removal on July 17, 2020. We are also unpersuaded by the arguments raised by Bryan W. in his reply. Aside from the fact that these arguments should have been properly raised as assignments of error, pursuant to Rule 10(c) of our Appellate Rules of Procedure, we find that even if they had been raised as assignments of error, the arguments still fail as a matter of law.

As previously noted, Bryan W. argues that the Board of Review was clearly wrong and abused its discretion by upholding the Department's finding of maltreatment because he denied the allegations, the children were not called as witnesses, and his testimony was more credible than the Department workers. First, we find that Bryan W. has failed to offer any legal authority to support these arguments. Next, we find the theme of these arguments rests on the evidentiary and credibility findings made by the Board of Review. On that issue, our Supreme Court of Appeals has made clear,

> [s]ince a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference.

Syl. Pt. 1, in part, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000). "We must uphold any of the [administrative law judge's] factual findings that are supported by substantial evidence, and we owe substantial deference to inferences drawn from these facts. "Further, the ALJ's credibility determinations are binding unless patently without basis in the record." *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 304, 465 S.E.2d 399, 406 (1995).

In this case, while Bryan W. and the Board of Review have differing opinions as to the facts of the case and the credibility of witnesses, that alone is not sufficient for this Court to invalidate the findings below. Credibility determinations are soundly vested with the Board of Review, as trier of fact. Critically, the Board of Review was in the best position to observe the testimony and demeanor of each witness and, therefore, was in the best position to rule on credibility. Thus, we decline to disturb its determination that Bryan W.'s testimony was not credible. We also fail to find any basis in the record to support a finding that the Board of Review's factual determinations regarding the allegations against Bryan W. were patently without basis, and, thus, decline to assign error to the same.

Accordingly, we find that the Board of Review's decision to uphold the Department's finding of maltreatment against Bryan W. is supported by substantial evidence and must be afforded deference as required by law. Therefore, we find no error

and affirm the Board of Review's December 15, 2022, amended order as it pertains to Bryan W.

                                                                Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen